UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20623
Summary Calendar
_____

In The Matter of: STRUCTURAL SOFTWARE, INC.

Debtor

-------------------------

PAMELA GALE JOHNSON, Trustee,

Appellant,

versus

ENGINEERING DYNAMICS, INC.,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(96-MC-99)
_____

June 6, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        The trustee for Structural Software, Inc. has appealed

the district court's entry of an order lifting the automatic stay

pursuant to an Agreed Order to lift stay, to which she was a party

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

when the order was filed in the bankruptcy court in April, 1995. The trail which led the trustee to this appeal is tangled and confused, but the outcome is simple. She cannot appeal an order to which she agreed. Further, the bankruptcy court should not have refused to enter the agreed order under the circumstances here presented. Moreover, the district court was within its authority in granting the relief it did. The district court judgment is affirmed.

We have appellate jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In re: Cajun Electric Power Co Op, Inc., 69 F.3d 746, 747 (5th Cir. 1995).

It is unnecessary to recite the entire procedural background of this case. The Houston bankruptcy case apparently originated with a lawsuit between EDI (appellee here) and the debtor over alleged copyright infringement of EDI's software. This court held that EDI could claim copyright protection over portions of the software and remanded to the Louisiana district court. Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335 (5th Cir. 1994), supplemental opinion on rehearing, 46 F.3d 408 (5th Cir. 1995). In the meantime, the bankruptcy case had commenced, and EDI sought relief from the automatic stay to complete the litigation. An agreed order was entered into in April 1995 by counsel for the Chapter 7 trustee, counsel for EDI and counsel for another creditor that expressly permitted the litigation to go forward, with only the following exception:

2

> Nothing in this order shall be deemed or construed to authorize EDI to prosecute any post-petition claims, including but not limited to any request for injunctive relief against the Structural Software, Inc. bankruptcy estate or the Trustee . . . and EDI shall not prosecute any such post-petition claims against the Structural Software, Inc. bankruptcy estate or the Trustee without first presenting the matter to this Court.

The bankruptcy court, although presented with this order, did not enter it and persisted for months in refusing to enter it.

The trustee attempted to sell assets of SSI including the disputed software program to a third party, leading EDI to object and make a counter-offer of sale. To make a long story short, EDI eventually reached a tentative agreement withe the Trustee, but the former owners of SSI objected, and the bankruptcy court was forced to conduct a hearing on a number of issues. Throughout this period, the court refused to enter the agreed order lifting the stay.

EDI apparently became understandably vexed at the drawn-out process and frustrated at its inability to complete the litigation. In early 1996, EDI moved to withdraw the reference to the bankruptcy case and then to lift the automatic stay so that the Louisiana litigation could go forward. Over vigorous and lengthy objections filed by the trustee, SSI and the bankruptcy judge himself, the district court granted EDI's requests. The trustee has at this juncture appealed only the order lifting the stay.

3

As we see it, the district court's order lifting stay does not contain the exception noted in the agreed bankruptcy court order between the parties. To that extent, it arguably grants broader relief to EDI and therefore should be reviewed on its own terms. Nevertheless, the conclusion is inescapable that the trustee did agree to allow the Louisiana litigation to continue except for the award of some sort of post-petition injunctive relief and the resolution of post-petition damage claims against the debtor's estate or the trustee. To the extent that the trustee agreed to some relief, she ought to be bound to that deal. She cannot escape the impact of the agreed order simply because the bankruptcy judge refused to enter it and because she was attempting -- unsuccessfully -- to settle the issues left open by the agreed order. The trustee is not a "party aggrieved" for purposes of appeal to the extent the Agreed Order provided for a consensual lifting of the stay.

With respect to the arguably broader relief granted by the district court, we find no error. The court lifted the automatic stay pursuant to 11 U.S.C. § 362(d) and (g) to allow the entire litigation to go forward in the Louisiana district court. Without getting into the argument over who had the burden to prove "cause" for this relief, we affirm the district court's implicit finding that cause was shown. It makes eminent sense to continue the lawsuit in a forum which already had experience with it, where the issues against SSI and the individual defendant Guntur could

4

all be resolved, and where damage issues would not have to be bifurcated.  Judicial economy, if there remains any economy in this proceeding, is furthered by that result.  The bankruptcy case cannot meaningfully be interfered with, because EDI has withdrawn its offer to purchase the assets of SSI.  Any claimed prejudice to creditors is speculative at best, particularly considering that the trustee's expenses have been magnified considerably by the procedural tangle resulting from her tactical decision not to agree to simple completion of the litigation in Louisiana.

For these reasons, the judgment of the district court is AFFIRMED.